IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RONNIE TURNER,                          §
      Petitioner,                      §
                                        §
v.                                      §        Civil Action No. 4:21-CV-731-O
                                        §
THE STATE OF TEXAS,                     §
      Respondent.                      §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Ronnie Turner, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against The State of Texas, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be summarily dismissed as frivolous.

## I.  BACKGROUND

Petitioner is serving a 45-year sentence in TDCJ for his 2005 conviction in Tarrant County, Texas, Case No. 0941085D, for aggravated robbery. *See* TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Offender Information Details, http://www.offender.tdcj.texas.gov/OffenderSearch (last visited June 14, 2021). In the present case, Petitioner does not challenge his conviction directly; instead, he complains of the handling of his state habeas-corpus application in WR-63,583-34 (trial court case no. C-3-W011939-0941085) and disobeyance of the writ in violation of state law. Pet. 6, ECF No. 1. Specifically, he complains that the assistant district attorney and the state trial judge failed to produce him in court for a hearing as required by Texas Code of Criminal Procedure article 11.31. *See* TEX. CODE CRIM. P. art. 11.31 (West, Westlaw current through June 3, 3021 portion of 2021

Legis. Sess.).[1] He moves the Court "to issue a warrant from the bench for the Hon Mike Thomas of Criminal District Court No #3 of 401 West Belknap Ft Worth TX 76196 and Assistant District Attorney Andrea Jacobs 401 West Belknap Ft Worth TX 76196" for "disobeyance [of the] writ" under article 11.34 and that they "be liable to civil action to pay [Petitioner] $50.00 per day as required by" article 11.35.[2] Pet. 11–12 , ECF No. 1.[3] Petitioner further moves that he also be brought before the Court.

---

[1]Article 11.31 provides:

The person on whom the writ is served shall bring before the judge the person in his custody, or under his restraint, unless it be made to appear that by reason of sickness he cannot be removed; in which case, another day may be appointed by the judge or court for hearing the cause, and for the production of the person confined; or the application may be heard and decided without the production of the person detained, by the consent of his counsel.

*Id.*

[2]Article 11.34 provides:

When service has been made upon a person charged with the illegal custody of another, if he refuses to obey the writ and make the return required by law, or, if he refuses to receive the writ, or conceals himself, the court or judge issuing the writ shall issue a warrant directed to any officer or other suitable person willing to execute the same, commanding him to arrest the person charged with the illegal custody or detention of another, and bring him before such court or judge. When such person has been arrested and brought before the court or judge, if he still refuses to return the writ, or does not produce the person in his custody, he shall be committed to jail and remain there until he is willing to obey the writ of habeas corpus, and until he pays all the costs of the proceeding.

*Id.* art. 11.34.

For further penalty, article 11.35 provides:

Any person disobeying the writ of habeas corpus shall also be liable to a civil action at the suit of the party detained, and shall pay in such suit fifty dollars for each day of illegal detention and restraint, after service of the writ. It shall be deemed that a person has disobeyed the writ who detains a prisoner a longer time than three days after service thereof, unless where further time is allowed in the writ for making the return thereto.

*Id.* art. 11.35.

[3]Petitioner's supporting memorandum was docketed as an addendum to his form petition, therefore the memorandum is referenced as part of the petition and the pagination in the ECF header is used.

## II.  DISCUSSION

Title 28, United State Code, § 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[4] Therefore, no service has issued upon Respondent.

As noted in the Court's opinion and order in Petitioner's federal habeas-corpus proceeding in Civil Action No. 4:21-CV-708-O, in this circuit, infirmities in state habeas proceedings do not constitute grounds for relief in federal court. *See Duff-Smith v. Collins,* 973 F.2d 1175, 1182 (5th Cir. 1992); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997). This is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself. *Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir. 2001). Furthermore, the Court has confirmed via email communication with the Tarrant County District Clerk's Office that Petitioner did not prevail in his state habeas action and that no writ was actually issued, *ergo* no writ has been disobeyed. Even if state law had been violated, federal habeas-corpus relief will not issue to correct errors of state law, unless a federal issue is also presented. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

### WARNING

Federal courts have authority to levy sanctions in response to abusive litigation practices. *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Sanctions may be appropriate when a pro se litigant has

---

[4]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

a history of submitting multiple frivolous claims and can include restrictions on the ability to file

future lawsuits without leave of court and monetary sanctions. See FED. R. CIV. P. 11; *Baum v. Blue*

*Moon Ventures,* LLC, 513 F.3d 181, 189 (5th Cir. 2008); *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97

(5th Cir. 1993). Petitioner, who has been previously sanctioned by the Fifth Circuit based on his

history of filing frivolous, repetitive, or otherwise abusive filings, is WARNED that the filing of any

other successive challenge to the state court's handling of his state habeas-corpus application in WR-

63,583-34 (trial court case no. C-3-W011939-0941085) will result in the imposition of sanctions,

including a monetary penalty, a bar to filing any further habeas petitions, motions or lawsuits, and/or

other impediments. *See* Order, In re Turner, No. 13-11013 (5th Cir. Dec. 11, 2013).

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254 is **DISMISSED** as frivolous. For the same reasons, Petitioner's application to proceed

*in forma pauperis* (ECF No. 3) and "The Relator Motion for Leave for the United State District

Court Judge to Issue a Warrant from the Bench for Assistant Attorney Andrea Jacobs and the Hon

Mike Thomas Arrest Disobeying of Writ. See Tex Code Crim Proc art 11.34 11.35" (ECF No. 2)

are **DENIED**. A certificate of appealability is also **DENIED**.

**SO ORDERED** on this 14th day of June, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**